IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HENRY A. DUHADAWAY, | § | |
| | § | |
| Defendant Below, | § | No. 466, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0106013189A (S) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: July 25, 2025
Decided: August 28, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the opening and answering briefs[1] and the record below, it appears to the Court that:

(1) In 2001, Henry A. Duhadaway was charged with multiple sexual offenses against a twelve-year-old boy, obscenity, possession of a firearm by a person prohibited, possession of a hypodermic needle, and resisting arrest. Duhadaway pleaded *nolo contendere* to second-degree rape and unlawful dealing in child pornography. The Superior Court sentenced him as follows: for second-

---

[1] After this appeal was submitted for decision on briefs, the appellant submitted two additional filings. Those submissions were untimely and otherwise not in compliance with Rules 14 and 15. In any event, they do not change the result.

degree rape, twenty years of Level V imprisonment, with credit for 249 days served, suspended after fifteen years for five years of Level III supervision; and for dealing in child pornography, five years of Level V imprisonment, suspended for five years of Level II supervision. Among other conditions, the Superior Court ordered Duhadaway to have no contact with any minor under the age of eighteen years.

(2) The Superior Court found Duhadaway to be in violation of probation ("VOP") three times between 2014 and 2022. For the third VOP, the court sentenced Duhadaway for the child pornography offense[2] to four years of Level V imprisonment, suspended for six months of Level V followed by three years of Level III supervision with GPS monitoring.[3] The VOP sentence orders reimposed the no-contact order.

(3) Duhadaway was released from prison in May 2024. In September 2024, a probation officer filed a VOP report alleging that Duhadaway had violated the no-contact order by driving a child and the child's mother from Sussex County to Nemours Children's Hospital in Wilmington for a medical procedure and then, after waiting on the grounds of the hospital, driving them back to Sussex County. The report further alleged that Duhadaway's GPS monitoring device showed that

---

[2] It appears that no back-up time remained on Duhadaway's sentence for the rape offense by that time.

[3] This sentence was imposed in an order dated January 26, 2024, which modified a sentence imposed in 2022.

Duhadaway was outside the hospital and that Duhadaway admitted that he had transported the child and the child's mother to the hospital.

(4) At a VOP hearing on October 11, 2024, the Superior Court found Duhadaway in violation of probation and sentenced him for the child pornography charge to three years and six months of Level V imprisonment, suspended after two years for two years of Level III probation. On appeal, Duhadaway argues that the evidence presented at the VOP hearing was insufficient to demonstrate that Duhadaway violated his probation, emphasizing that the child's mother did not testify. He contends that his probation supervision was inconsistent, because (i) he transported the child and the child's mother to the hospital another time without being charged with a VOP, and (ii) his probation officer allowed him to live at a motel where many children also lived.

(5) These arguments are unavailing. Unlike in a criminal trial, the State must prove a VOP by only a preponderance of the evidence, which is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4] At the VOP hearing, Duhadaway admitted that he drove the child and the child's mother from Sussex County to Wilmington. He stated that he "caved" when the mother "kept begging" him for a ride and that he "assumed it was okay because [the child]

---

[4] *Trotter v. State*, 2022 WL 2311083, at *1 (Del. June 27, 2022) (internal quotations omitted).

3

was in the presence of [the child's] mother."[5] On appeal, he does not contend that he did not drive the child to Wilmington; indeed, he asserts that he did so more than once. In light of his factual admissions, Duhadaway has not demonstrated that the Superior Court lacked sufficient evidence to find him in violation of probation.[6]

(6) The Court asked the State to address whether the sentence imposed for the VOP in October 2024 exceeded the time remaining on Duhadaway's sentence. The State has responded that Duhadaway had three years and six months remaining on his sentence, and the October 2024 VOP sentence—two years at Level V followed by two years of Level III supervision—is not authorized under this Court's decision in *Honaker v. State*.[7] The State asserts that the Court therefore should remand for the Superior Court to correct the sentence. We conclude that is the appropriate course here.

---

[5] Appendix to Answering Brief at B59-61.

[6] *See Drayer v. State*, 2003 WL 21692215 (Del. July 16, 2003) ("Drayer denied violating his probation, but he admitted that he did not return to Delaware in 1997 as instructed by his probation officer. Drayer's admission was sufficient competent evidence to support the Superior Court's finding of VOP.").

[7] *See Honaker v. State*, 2006 WL 2771652 (Del. Sept. 25, 2006) (holding that VOP sentence of three years and eight months, suspended after two years for two years at Level III, exceeded the three years and eight months that remained on previous VOP sentence).

NOW, THEREFORE, IT IS ORDERED that the VOP adjudication be AFFIRMED. The matter is REMANDED to the Superior Court for correction of the sentence. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice